[Civ. No. 9460.   Third Dist.   Dec. 9, 1958.]

RUTH GAITHER, Respondent, v. CLARENCE GAITHER et al., Appellants.

A. John Merlo for Appellants.

Hewitt & McBride for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment declaring appellants and respondent to be joint owners of an easement in a driveway in connection with the use of their respective properties for residential and agricultural purposes, including therein the use of said driveway by mobile trailer units.

It appears from the evidence that in 1945 the appellants and respondent and her former husband acquired the tract of land involved in this case as tenants in common. The land is located in Sutter County and has a frontage on Live Oak Highway. During that year appellants and respondent and her former husband each built a house upon the premises, which was used by them as their respective residences. These houses front on Live Oak Highway and are approximately 40 feet apart. At that time there was a road approximately midway between the two houses, which road ran from the highway a distance of 539.5 feet to a well and pumping plant. This road was used jointly by the parties as a means of ingress and egress to their respective homes and also for the farming of the land to the rear of the premises. It appears that this road was later graveled and thereafter jointly maintained and used by the parties as a driveway.

In December of 1946, the parties partitioned the property so that the boundary line between the properties extended down the middle of the driveway. The driveway was 20 feet wide.

At the time the property was partitioned the parties entered into an agreement in writing covering their rights to the

---

*Assigned by Chairman of Judicial Council.

trees, pump and well on the property. This agreement did not, however, mention the existing driveway but provided: "In the event the parties decide to subdivide their respective holdings after partition, a street running east and west shall be laid out as nearly as may be practical through the center of said tract, one-half the land for which shall be provided by Clarence and Sarah and one-half by Sherman and Ruth, or in case their contributions thereto are not exactly equal a money adjustment shall be made to equalize the difference."

The property has not been subdivided; and the appellants and respondent, who has succeeded to her former husband's interest therein, have continued to use and maintain the driveway as they had prior to the time they divided the property, with the exception that in 1949 appellants built a rental house to the rear of their home; respondent built two houses to rent, one in 1954 and one in 1955; and the tenants of both parties have used the driveway in question. The driveway was also used by a tenant to whom respondent rented house trailer parking space for about a year during the years 1949-1950.

In 1956 respondent obtained a license permitting her to rent parking space for twelve house trailers upon her property, whereupon appellants erected a fence which bisects the driveway along the common boundary line, and this action immediately followed. (The complaint was filed October 26, 1956.)

Appellants assert that the use of the driveway was founded on a permissive use—not a prescriptive easement acquired by open and notorious claim of right. Their attack is basically aimed at the sufficiency of the evidence to establish an open claim of right and adverse use. ■ In this connection, as stated in *O'Banion* v. *Borba*, 32 Cal.2d 145, 147 [195 P.2d 10] : ". . . [I]t is pertinent to observe that whether the use of the easement is adverse and under claim of right, or permissive and with the owner's consent, and the nature of the user is sufficient to put the owner on notice, are questions of fact. . . . Also, if there is any substantial evidence to support the judgment, it must be affirmed. All conflicts must be resolved in favor of the prevailing party and the evidence viewed in a light most favorable to him."

■ There is evidence that following the division of the property the parties agreed to use the driveway the same as prior thereto, and each of the parties continued to do so under a claim of right. The appellants themselves were the first to place a rental use upon their portion of the lands, as

divided, and make use of the driveway for such purpose. Impliedly they asserted a right to do so. This was followed by two rental units which respondent built on her portion of the property. It does not appear that appellants voiced any objection to use of the driveway by the house trailer tenant. The use which the parties made was open and notorious, and under the circumstances impliedly supports an inference that the use was hostile and adverse and under a claim of right as to each other. Therefore, such uses as the driveway had been burdened with for the statutory period of five years, or more, have ripened into an easement. ■ A right initiated in parol may become perfect by prescription. (*Balestra* v. *Button*, 54 Cal.App.2d 192 [128 P.2d 816]; *Barbour* v. *Pierce*, 42 Cal. 657; *Alper* v. *Tormey*, 7 Cal.App. 8 [93 P. 402]; *Crawford* v. *Lambert*, 136 Cal.App. 617 [29 P.2d 428]; 2 C.J.S. 646, §§ c. and d.)

The trial court found that at the time the driveway was constructed both parties used their property for residential purposes and for rental units for living purposes in connection with said property. We find no evidence to support the latter use. The first rental unit was not constructed until 1949. This unit was constructed by the appellants. Respondent constructed her rental units in 1954 and 1955. The road which later became the driveway was there in 1945. There is no question but that the driveway was used in connection with the parties' homes and as a means of ingress and egress to the property for farming purposes. As to the increased burden in connection with the rental units, such use appears to be one in degree only and not a change in the physical objects passing over the driveway. Impliedly the parties so treated this additional use. ■ If the change is not in the kind of use, but merely one of degree imposing no greater burden on the servient estate, the right to use the easement is not affected. (28 C.J.S. 769, § 89; 17A Am.Jur. 725, § 117.)

■ However, the fact that the driveway was used for ingress and egress for residential and farming purposes does not necessarily, as a matter of law, show such use was broad enough to give the right to drive house trailers over the driveway, nor to permit the driveway to be burdened with the increased uses which would result from the operation of the trailer park, including the use by the occupants thereof. In such a case there is an actual change in the physical objects passing over the road. Such a change would be radical, and the driveway cannot be used for the new purpose required by

the altered condition of the respondent's property due to the trailer park. Such a use would be a substantial change in the nature of the use and a consequent increase of burden upon the servient estate. It would be something more than a change in the degree of use. (*Baldwin* v. *Boston & M. R. R.*, 181 Mass. 166 [63 N.E. 428].) In order for this added use to ripen into an easement it would have to exist for the statutory period of five years, or more.

We conclude that the judgment must be and it is hereby modified by striking therefrom that portion which declares an easement in the driveway for mobile trailer units, and as so modified the judgment is affirmed. The parties to suffer their own costs.

Van Dyke, P. J., and Schottky, J., concurred.