331 A.2d 433
**George T. BOYD and Susan Boyd**
**v.**
**Aaron M. TEEPLE and Audrey Teeple, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 11, 1974.

Decided Jan. 27, 1975.

92

Herbert B. Lebovitz, Levobitz & Lebovitz, Pittsburgh, for appellants.

David L. Robinson, Robinson, Fisher, Long & Rigone, Greensburg, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree in equity which granted appellees, George T. Boyd and Susan Frances Boyd, a prescriptive easement over the property of appellants, Aaron M. Teeple and Audrey Teeple, and which enjoined appellants from interfering with the use of this easement and further denied appellants' counterclaim.

The facts surrounding this appeal are as follows:

On March 9, 1971, appellees filed a complaint in equity requesting a preliminary injunction to enjoin the blocking of a roadway over which they claimed a prescriptive easement. Appellants filed an answer and a counterclaim, seeking to be reimbursed under a separate alleged right-of-way and maintenance agreement.[1]

The chancellor took testimony and granted appellees a prescriptive easement, enjoined appellants' interference with its use and dismissed appellants' counterclaim.

Appellants first argue that the evidence was insufficient to support a finding of a prescriptive easement over their property. We do not agree.

This court has previously held that the findings of a chancellor, approved by a court en banc, have the weight of a jury verdict and will not be disturbed on appeal if there is adequate evidence in the record to sustain these findings. See *Schiff v. Upper Salford Twp.,*

1. This agreement was entered into February, 1956, by the then owners, Aaron and Audrey Teeple (appellants), Frank R. and Mary Jane Boyd (parents of appellee, George T. Boyd) and John W. and Agnes Davis. This agreement does not concern the alleged prescriptive easement claimed by appellees.

456 Pa. 420, 321 A.2d 876 (1974). In the instant case, the testimony of June McCutcheon (predecessor in title to all parties involved herein) clearly establishes a prescriptive easement. Mrs. McCutcheon established, through her testimony, the open, adverse and continuous use of the roadway over the servient tenement since her husband purchased the property in 1929. Moreover, J. A. McCollim, prior owner of the servient tenement, clearly established the adverse use of the roadway since 1944. See *Lewkowicz v. Blumish*, 442 Pa. 369, 275 A.2d 69 (1971).

■■ Appellants next argue that necessity is a requirement before a prescriptive easement can be created. We do not agree. The elements required for the creation of a prescriptive easement are that use of the land be adverse, open, continuous, notorious and uninterrupted for twenty-one years. See *Bodman v. Bodman*, 456 Pa. 412, 321 A.2d 910 (1974).

Appellants finally argue that the chancellor erred in denying enforcement of the 1956 right-of-way and maintenance agreement which appellants sought to enforce by way of counterclaim. We do not agree.

■ The testimony of a registered surveyor, appellants' own witness, established that the parties to the 1956 agreement were not the owners of the roadway property and, therefore, appellees, who are successors in interest to the signers of the agreement, could not be bound by the agreement.

Decree affirmed. Costs to be borne by appellants.

MANDERINO, J., concurs in the result.