Larry **GEHRES** and Marlene **Gehres, Appellants**

v.

**FALLS TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued April 7, 2008.
Decided May 13, 2008.

Thomas J. Ratchford, Jr., Scranton, for appellant.

Michael A. Genello, Scranton, for appellee.

BEFORE: LEADBETTER, President Judge, SIMPSON, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

This case involves a dispute as to whether a municipality enjoys a public, prescriptive easement to discharge storm water runoff across private property. Larry Gehres and his wife, Marlene Gehres, (Plaintiffs) appeal an order of the Court of Common Pleas of the 44th Judicial District (Wyoming County Branch) (trial court) denying their motion for judgment notwithstanding the non-jury verdict (JNOV) in favor of Falls Township (Township). Plaintiffs contend the Township's evidence failed to establish the elements of a prescriptive easement. For the following reasons, we affirm.

Plaintiffs own a home on Evergreen Road, Falls Township, Wyoming County. Evergreen Road is a Township-owned road. Until 1960, Evergreen Road existed as a one-lane road. In 1960, the Township widened Evergreen Road and installed new drainage pipes under the road, which replaced existing smaller pipes. At that time, Ellis and Anna Scott owned Plaintiffs' property.

In 1972, the Scotts conveyed the property to Eugene and Shirley Dziak. Thereafter, the Dziaks, by installment sales agreement, sold the property to Keith and Susan Wilder. In 1996, the Dziaks and Wilders conveyed their respective interests in the property to Plaintiffs.

The Township maintains drainage pipes that carry surface and spring water under-

neath Evergreen Road and discharge it into drainage ditches on Plaintiffs' property. Ultimately, the ditches empty into a stream also on Plaintiffs' property. Since 1960, the Township cleans the pipes and ditches every few years, or after a storm if required. The pipes and ditches are visible on inspection of the road frontage of Plaintiffs' property.

In September 2004, Plaintiffs filed a complaint asserting a continuing trespass and nuisance claim against the Township. Plaintiffs allege the Township's drainage facilities along Evergreen Road artificially collect and discharge storm and surface water in a concentrated fashion onto their property. Plaintiffs allege the discharged water hinders access to their driveway and causes substantial damage to their property, including progressive erosion, damage to vegetation, saturation, loss of use and enjoyment, and loss of value. Plaintiffs sought compensatory damages and a permanent injunction prohibiting further artificial water collection and concentrated discharge onto their property.

The Township filed an answer and new matter denying Plaintiffs' material allegations. As an affirmative defense, the Township asserted it has "a prescriptive easement across Plaintiffs' property for storm water runoff, which was adverse, open, continuous, notorious and uninterrupted for 21 years or more." Township's Answer and New Matter at ¶ 11.

Following a non-jury trial at which both parties presented evidence, the trial court entered a verdict in favor of the Township, concluding it established a public prescriptive easement to discharge water on Plaintiffs' property. Plaintiffs filed a motion for post-trial relief seeking JNOV. After hearing, the trial court denied Plaintiffs' motion. Plaintiffs appeal here seeking a reversal of the trial court's order and, ultimately, entry of JNOV in their favor.[1]

## I. Elements of a Prescriptive Easement

 Plaintiffs first assert the Township's evidence fails to establish the elements of a prescriptive easement. In Pennsylvania, a prescriptive easement is created by adverse, open, notorious, continuous and uninterrupted use of land for a period of 21 years. *Estojak v. Mazsa,* 522 Pa. 353, 562 A.2d 271 (1989); *Burkett v. Smyder,* 369 Pa.Super. 519, 535 A.2d 671 (1988). The issue of whether a prescriptive easement is acquired is a question of fact for the fact-finder. *Burkett.* The public may acquire a prescriptive easement. *Wampler v. Shenk,* 404 Pa. 395, 172 A.2d 313 (1961). Here, Plaintiffs contend the Township's drainage use was neither adverse nor open and notorious.

### A. Adverse Use

 Whether a use is adverse or permissive is a question of fact. *Keefer v. Jones,* 467 Pa. 544, 359 A.2d 735 (1976). If the record supports a non-permissive use, the trial court's finding to this effect may not be disturbed. *Id.*

---

1. An appellate court's scope of review with respect to whether JNOV was appropriate is plenary, as with any review of questions of law. *Shamnoski v. PG Energy, Div. of S. Union Co.,* 579 Pa. 652, 858 A.2d 589 (2004). The proper appellate standard of review when examining a lower court's refusal to grant JNOV "is whether, when reading the evidence in the light most favorable to the verdict winner and granting that party every favorable inference therefrom, there was sufficient competent evidence to sustain the verdict." *Id.* at 659, 858 A.2d at 593 (citation omitted). "Questions of credibility and conflicts in the evidence are for the trial court to resolve and the reviewing court should not reweigh the evidence." *Id.*

■ Here, Plaintiffs assert the Township's use of their property for drainage was permissive and thus not adverse. To that end, Plaintiffs assert the Township obtained permission from the Scotts from 1960–72 and from the Dziaks from 1972–96 to use their property for drainage. In particular, Plaintiffs assert Eugene Dziak, a Township supervisor for many years, gave the Township permission to use the property for drainage. Citing *Wanczycki v. Svoboda*, 36 Lehigh L.J. 59 (1974), Plaintiffs assert no prescriptive rights can arise in this matter no matter how long the use continues.[2] Plaintiffs also cite *Orth v. Werkheiser*, 305 Pa.Super. 576, 451 A.2d 1026 (1982) for the proposition that a use based on permission cannot ripen into a prescription. *See also Shinn v. Rosenberger*, 347 Pa. 504, 32 A.2d 747 (1943) (a permissive use is not adverse and does not create a prescriptive easement no matter how long the use may continue).

To support their assertion that the Township's drainage use of the servient property was permissive rather than adverse, Plaintiffs rely on the following testimony from Eugene Dziak, the previous owner/supervisor, on cross examination:

Q. Okay. Now when you purchased the property that was in 1972, correct?

A. Correct.

Q. You never objected to the [T]ownship and said take these pipes out of here, did you?

A. No, absolutely not. They were doing their job.

Q. Okay.

A. And furthermore I was a supervisor and if there was a problem we would have solved it then.

Q. Right. So there was no antagonistic relationship?

A. No.

Q. So is it fair to say they had your permission to do that?

A. Absolutely. (Notes of Testimony (N.T.) Vol. 2 at 29–30)

In contrast, the Township maintains the above testimony on cross-examination merely shows the previous owner/supervisor did not object to the Township exercising its right to discharge water onto his property. It does not establish the Township obtained specific permission. The Township maintains that Plaintiffs, as servient owners, bear the burden of showing a use began on a permissive rather than an adverse basis. *See Loudenslager v. Mosteller*, 453 Pa. 115, 307 A.2d 286 (1973) (servient owner bears burden of proving use was pursuant to some license, indulgence or special contract inconsistent with a claim of right by the other party); *Tarrity v. Pittston Area Sch. Dist.*, 16 Pa. Cmwlth. 371, 328 A.2d 205 (1974) (single judge opinion by Rogers, J.) (mere showing of absence of objection will not establish that easement began as a permissive use; proof of permission is needed).

The Township further contends the weight of the evidence here shows the Township never asked for or received specific permission to use the property for drainage. Moreover, the Township asserts it used the drainage easement over the property, whenever it rained, for more

---

**2.** In *Wanczycki*, the Court of Common Pleas of Lehigh County rejected a claim for a prescriptive easement in part on the basis that the plaintiffs had no way of knowing whether the use began as a permissive use. Citing *Bennett v. Biddle*, 140 Pa. 396, 21 A. 363 (1893), the Lehigh County court noted that where a use commenced permissively, it is presumed to continue as permissive "in the absence of a clear showing that the user brought home his intention to make an adverse use without recognizing the rights of the owner." 36 Lehigh L.J. at 64.

than 21 years. *See Adshead v. Sprung*, 248 Pa.Super. 253, 375 A.2d 83 (1977) (use of easement whenever party sees fit, without asking leave, and without objection, is sufficient to establish adverse use).

The Township asserts full and complete trial testimony of Eugene Dziak, the previous owner/supervisor, provides sufficient evidence to sustain the trial court's verdict. We agree.

Eugene Dziak, a Township supervisor in 1960, testified that in 1960 the Township widened Evergreen Road and replaced the drainage pipes underneath it that discharged water onto the servient property, which the Scotts then owned. N.T. Vol. 2 at 3–19. He stated the Township never obtained a written easement from the Scotts.[3] *Id.* at 15, 375 A.2d 83.

■ When asked if he, as landowner, ever gave the Township specific permission to discharge spring water or surface water onto his property, Eugene Dziak testified as follows (with emphasis added):

> Q. October 5, 1972, you and your wife purchased [the servient property] from the Scotts?
>
> A. That's correct.
>
> Q. And were you familiar from the time you owned it in 1972 until the time it was sold in 1996 to [Plaintiffs] as to the water conditions on the property?
>
> A. I had no water problem there. The ditches [were] cleaned and the water ran. We had no problem with water there coming from [the] sluice pipes.
>
> Q. *Did you ever contact [the Township] and give them specific permission to discharge the water* either from the springs or from surface water runoff

onto the property which you and your wife owned?

> A. *No. I never did* because I didn't have a reason because [there] were right of ways that [were] there in the [T]ownship code. (*Id.* at 20, 375 A.2d 83).

This witness' testimony, viewed in its entirety, sufficiently supports the trial court's determination that the Township's use was adverse, not permissive. In short, the witness testified the Township never obtained specific permission from either the Scotts or the Dziaks to discharge surface water onto their property. Further, the Township used the servient property for drainage, every time it rained, from the time it installed the current drainage pipes in 1960 to the present. When a party uses an easement whenever it chooses, without leave of the servient owner, the use is adverse. *Estojak; Adshead.*

■ Additionally, upon proof of continuous adverse use for the prescriptive period, the burden shifts to the servient owner to prove the use began as permissive. *Loudenslager; Tarrity.* Absence of objections will not establish a permissive use; proof of permission is needed. *Id.* As noted above, the record supports the trial court's finding that the Township did not obtain permission from either the Scotts or Dziaks to use the servient property for water discharge and drainage.

## B. Open and Notorious Use

■ Plaintiffs also argue the evidence does not show the use of the property for artificial drainage was "open and notorious." They assert the only evidence supporting this determination was Eugene Dziak's testimony and that he was only one of four former owners. Plaintiffs

---

3. Mr. Dziak told Mr. Scott, now deceased, what the Township planned to do, and Mr. Scott replied: "fine." N.T. Vol. 2 at 9. Plaintiffs' counsel objected on hearsay grounds.

*Id.* at 9–10. The trial court did not admit this testimony for the truth of the matter asserted, but rather "as an explanation as to why further things occurred." *Id.*

point out the Township did not present similar testimony from any of the other living former owners of the servient property: Shirley Dziak, Keith Wilder or Suzanne Wilder. Plaintiffs further assert Eugene Dziak never mentioned or disclosed the existence of any easements or rights of way over the property.

The Township counters the drainage pipes at issue are clearly visible. The parties' engineering experts experienced no difficulty observing them. Further, the Township asserts its periodic cleaning of the pipes is sufficient to establish its open and notorious drainage use of the property. *See Boyd v. Teeple,* 460 Pa. 91, 331 A.2d 433 (1975) (continuous use of roadway over servient estate establishes open and notorious use); *see also Eshleman v. Twp. of Martic,* 152 Pa. 68, 25 A. 178 (1892) (notorious, continuous and adverse use of artificial drainage rights for a period of 21 years may give rise to a prescriptive right).

Our review of the record discloses adequate support for the trial court's determination that the Township's drainage use of the property was open and notorious. Jerry Snyder, the Township's expert, testified that while walking along Evergreen Road, he observed three culvert pipes going from the east side of the road to the west side of the road adjoining Plaintiffs' property. N.T. Vol. 1 at 167. Bryan Fisk, Plaintiffs' expert, also observed the three culvert pipes adjoining Plaintiffs' property. *Id.* at 103, 25 A. 178.

Moreover, Eugene Dziak, the previous owner/supervisor, testified the Township maintained the drainage pipes since they were replaced in 1960. *Id.* Vol. 2 at 16–19. This involved periodically cleaning the pipes and channels every couple of years. *Id.* Additionally, Robert Kenia, also a Township supervisor, testified the Town-

ship continued to clean debris from these drainage pipes. *Id.* Vol. 1 at 137–43.

This testimony sufficiently supports the trial court's determination that the Township's use of the servient property for drainage was open and notorious since 1960, a period in excess of 40 years. *Boyd.* The drainage pipes are clearly visible upon a cursory inspection of Plaintiffs' property. They are periodically cleaned and continue to discharge water onto the servient property whenever it rains.

## C. Prescriptive Easement Established

Viewing the evidence in the light most favorable to the Township as verdict winner, and affording it all reasonable inferences arising from the evidence, we hold there is sufficient competent evidence to sustain the trial court's verdict in favor of the Township. The record supports the trial court's determination that the Township used the servient property for the discharge and drainage of surface water for the prescriptive period, and that the drainage use was adverse, open, notorious, continuous and uninterrupted from 1960 to the present. This is sufficient to acquire a prescriptive easement for drainage. *Estojak; Adshead. See also Twp. of L. Saucon v. Kuss,* 60 Pa. D. & C.2d 603 (C.P. Northampton 1973) (where a drainage pipe under a public road openly and notoriously discharged water from the road onto an adjoining property for 21 years, public acquired prescriptive drainage easement).

## II. JNOV

In this argument, Plaintiffs assert the trial court's verdict was against the clear weight of the evidence and constituted a serious injustice. *See Hilbert v. Katz,* 309 Pa.Super. 466, 455 A.2d 704 (1983) (verdict cannot be upheld if it contradicts the weight of the evidence so as to shock one's sense of justice or otherwise effects a seri-

ous injustice). More specifically, Plaintiffs challenge several findings and comments in the trial court's Pa. R.A.P.1925 opinion, issued in response to their notice of appeal, on the basis they were not supported by any competent testimony or evidence.

 The issue of whether a party acquired a prescriptive easement is for the fact finder. *See Farmers' N. Mkt. Co. v. Gallagher*, 392 Pa. 221, 139 A.2d 908 (1958) (conflicting evidence as to whether use of easement was adverse or permissive was sufficient to uphold verdict in favor of plaintiffs, who prevailed on action to quiet title against defendants asserting a prescriptive easement). Further, as noted above, JNOV cannot be granted if there is any evidence supporting the verdict. *City of New Castle v. Uzamere*, 829 A.2d 763 (Pa.Cmwlth.2003). Rather, JNOV is warranted in two situations: either the movant is entitled to judgment as a matter of law and/or the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003 (1992).

Here, Plaintiffs restate their argument that the Township's drainage use was permissive, not adverse or hostile. They again assert Eugene Dziak's testimony clearly demonstrates the Township obtained permission from both the Scotts and Dziaks to discharge water onto their property. This assertion lacks merit. As discussed above, the record sufficiently supports the trial court's finding that the Township did not obtain permission from either the Scotts or Dziaks to use the servient property for water discharge and drainage. Absence of objections will not establish a permissive use; proof of permission is needed. *Loudenslager; Tarrity.*

Plaintiffs also challenge the trial court's finding that the Township periodically cleaned the pipes. They argue the Township did not return to their property to clean the pipes since April 2001. This assertion also lacks merit. As discussed above, Eugene Dziak testified the Township maintained the drainage pipes since they were replaced in 1960. N.T. Vol. 2 at 16–19. This involved periodically cleaning the pipes and ditches every couple of years. *Id.* Although Plaintiffs erected a fence on their property in 2001 that now prevents the Township from cleaning the pipes by machine, Township workers clean both sides of the pipes to keep them open. *Id.* at 18–19.

Plaintiffs further challenge the trial court's finding that the pipes and ditches are clearly visible on inspection of the road frontage of their property. This assertion also lacks merit. As discussed above, both parties' engineering experts testified the three drainage pipes in question were plainly visible. *See* N.T. Vol. 1 at 167 (Township's expert); at 103 (Plaintiffs' expert).

Finally, Plaintiffs maintain the trial court's following comment is not supported by any competent evidence or testimony of record:

> One does not need a degree in hydrology to understand the basic problem presented—[Plaintiffs'] property is located at the base of a mountain. The drainage area is 139 acres. If, after a heavy rain or snow melt, the ditches and pipes are no longer there, the only road to their house will likely be washed away and their home flooded. (Tr. Ct. Op. at 3)

We disagree with Plaintiffs' contention. Plaintiffs testified their property lies at the base of a mountain. N.T. Vol. 1 at 62, 109. The parties' engineering experts agreed the drainage area comprised approximately 139 acres. *Id.* at 105, 170. As to the

property's natural drainage, the Township's expert testified (with emphasis added):

> I observed [Plaintiffs'] property along Evergreen Drive. And let me just describe briefly that Evergreen Drive is as it was described earlier, *it's at the bottom of a valley centrally. If you look, standing in front of [Plaintiffs'] property looking north, you're looking uphill on Evergreen Drive which is a graded gravel road.* To the right is a fairly steep hill coming down to Evergreen Drive. To the left, the road drops off onto [Plaintiffs'] property toward this unnamed stream which is a tributary to Fitch Creek. Fitch Creek is parallel to Evergreen Drive and it's about just visually I estimated one hundred feet from the road. *On the westerly side of this unnamed tributary to Fitch Creek the ground goes up again toward a mountain so the storm water flow at this point comes from the east from the opposite side of Evergreen Road. It comes from the north from the upper part of Evergreen Road down toward [Plaintiffs'] property and it comes from the west on the west side of this tributary. This tributary receives water from all three directions, east, north and south. That's the natural drainage in this area.* (N.T. Vol. 1 at 166)

Township's expert further testified Plaintiffs' property would remain wet and the overtopping of their driveway during storms would still occur even if the three drainage pipes adjoining their property were removed. *Id.* at 181–82.

Consequently, we reject Plaintiffs' contention that the trial court's verdict was contrary to the weight of the evidence or worked an injustice. Having determined there is sufficient evidence to sustain the trial court's verdict, we discern no error in the trial court's denial of Plaintiffs' motion for JNOV. *Uzamere.* Accordingly, we affirm.

### ***ORDER***

AND NOW, this 13th day of May, 2008, the order of the Court of Common Pleas of the 44th Judicial District (Wyoming County Branch) denying Plaintiffs–Appellants' motion for judgment notwithstanding the verdict is **AFFIRMED**.