J.A22032/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOUGLAS A. AND TAMMY J. KEHR LIVING TRUST | : : : | IN THE SUPERIOR COURT PENNSYLVANIA |
| Appellants | : : | |
| v. | : : : | |
| LARRY W. AND JOYCE J. GRISSINGER, | : : : | |
| | : | No. 296 MDA 2014 |

Appeal from the Order Entered January 31, 2014
In the Court of Common Pleas of Huntingdon County
Civil Division No(s).: 2012-1117

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:      **FILED NOVEMBER 24, 2014**

Appellant, the Douglas A. Kehr and Tammy J. Kehr Living Trust, appeals from the order entered in the Huntingdon County Court of Common Pleas, which: (1) set aside its November 1, 2013 order granting Appellant an easement by necessity over the land owned by Appellees, Larry W. Grissinger and Joyce J. Grissinger; and (2) dismissed the action. We reverse.

The trial court summarized the facts and procedural posture of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

This action was filed by [Appellant] to obtain an easement by necessity across the property of [Appellees].

The case was tried to the [c]ourt August 19, 2013. On October 11, 2013, the [c]ourt granted [Appellant] the relief [requested].

* * *

We rehearse here only the facts that are essential to the issue on appeal. They are:

1. [Appellant] and [Appellees] own contiguous tracts of real estate located in Springfield Township, Huntingdon County, and Taylor Township, Fulton County, Pennsylvania.

2. The two (2) properties were a part of a larger tract of land warranted in the name of Jesse Head November 10, 1792, and subsequently acquired by Thomas Wilson.

3. Mr. Wilson conveyed seventy (70) acres of the property in 1868 to Miles Brown.

4. [Appellees] own this tract today.

5. Thomas Wilson conveyed forty-one (41) acres to [Appellant's] predecessor in title Henry Wilson in 1880.

6. [**Appellant's**] **property is and has at all time since it was conveyed to Henry Wilson landlocked as it is without access to a public road.**

Trial Ct. Op., 3/21/14, at 3 (emphasis added).

At trial Appellant called Kirby D. Lockard, a licensed land surveyor.

The parties accepted him as an expert. N.T., 8/19/13, at 2. He testified:

[Counsel for Appellant]: Did you . . . effect a title search on and go back to the original warrants in this matter.

A: Yes.

* * *

>This is a copy from the Pennsylvania Historic Museum Commission's website of the Jesse Head warrant.

* * *

>Q: . . . When you researched this, which parcel came out of the warrant first?
>
>A: [Appellees'] tract.

* * *

>Q: [Appellees' tract] and that was conveyed to whom on what date?
>
>A: To Miles Brown, March 26, 1868.
>
>Q: And then what parcel came out second?
>
>A: [Appellant's] tract, which was to Henry Wilson in 1880.
>
>THE COURT: . . . [W]ho was the grantor in those two deeds?
>
>THE WITNESS: **Thomas Wilson was the common grantor**.

N.T. at 10, 11, 12.

Appellant contends that "counsel stipulated on the record that unity of title existed with respect to the parties properties." Appellant's Brief at 15. The trial court also refers to the following exchange which occurred at trial as a "stipulation." **See** Mem., 10/11/13, at 10.

>The Court: [**Counsel**] **do you have any argument that there was, in fact, unity of title in Thomas Wilson**?
>
>[Counsel for Appellees]: **No**, Your Honor.

The Court: **So the requirement that [Appellant] prove unity of title has been met**?

[Counsel]: **That particular element**.

The Court: What did you say?

[Counsel]: That's one element, yes.

*Id.* at 14.

Mr. Lockard testified that the property was landlocked.

Q: Did you find any grant of right—of—way to [Appellant's] property?

A: No.

                    *    *    *

[Counsel for Appellant]: [Mr. Lockard], **at the time of the severance of [Appellees'] property from the larger tract, did [Appellant's] property become landlocked at that point in time**?

A: **It had no access to a public road**, **yes**.

Q: And we've already gone over it that McKinley Road[1] is the closest public road—township road to the property?

A: Yes.

Q: Now there's been a lot of talk about coming in from what they call the lower road, the lower Woods Road. Are you familiar with that?

A: Yes.

                    *    *    *

---

[1] The notes of testimony also refer to this road as McKinleyville Road. **See** N.T. at 23.

> The Court: And that road would appear to go on to [Appellant's] property, is that correct?
>
> The Witness: Yes.
>
> [Counsel for Appellant]: But now to get to that road and to get into [Appellant's] property, do you have to traverse someone else's property as well beyond [Appellees'] property?
>
> A: . . .Well, [sic] wouldn't cross [Appellees'] property at that location.  Only the Price property.
>
> Q: To get in that way you would have to go over the Price property, is that correct?
>
> A: Yes.

N.T. at 14, 18-19.

On November 1, 2013, the court entered an order providing:

> [Appellant] is entitled to an easement by necessity over the land owned by [Appellees].  It is further ORDERED, DIRECTED, AND DECREED that said easement shall be twenty-five (25) feet in width, and said easement shall provide access to [Appellant's] property off of McKinleyville Road and over and across [Appellees'] property at the "Upper Woods Road" location as depicted on the survey prepared by Kirby D. Lockard, Registered Professional Land Surveyor, dated May 9, 2007.  Said survey depicting the location of [Appellant's] easement by necessity is hereby incorporated into this Order.

Order, 11/1/13.

Appellees filed a motion for post-trial relief.  A hearing was held on December 16, 2013.  On January 31, 2014, the court entered the following order:  "It is ordered that the prior order entered in this case on November

- 5 -

1, 2013 is set aside and vacated. Judgment is entered in this case in favor of [Appellees]. The action is dismissed." Order, 1/31/14.

This timely appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issues for our review:

> I. Whether the trial court erred in determining that [Appellant] did not establish all three (3) elements for the establishment of an easement by necessity over [Appellees'] property?
>
> II. Whether the trial court erred in refusing to accept the stipulations of fact which were stipulated to by counsel at the time of trial, and which were accepted and adopted by the trial court at the time of trial?

Appellant's Brief at 4.

Appellant argues the trial court erred in determining that all three elements for the establishment of an easement by necessity over Appellees' property were not established. *Id.* at 12. Appellant avers that it is undisputed that both properties were once part of a single tract of land and thus unity of title was satisfied. *Id.* Appellant contends the unity of title was severed by the conveyance by Thomas Wilson to Miles Brown in 1868. *Id.* at 12-13. Appellant claims an easement by necessity is established because Appellant's property is landlocked and there is no access to it from a public road. *Id.* at 13. Furthermore, Appellant contends the trial

court erred in finding that there was no unity of ownership based upon the stipulation between the parties at the time of trial. *Id.* at 15-16.

Our standard of review in matters of equity is the following:

> [A]ppellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

*Phillippi v. Knotter*, 748 A.2d 757, 758 (Pa. Super. 2000) (citation omitted).

> "It is a well-settled principle of law that, **in the event property is conveyed and is so situated that access to it from the highway cannot be had except by passing over the remaining land of the grantor, then the grantee is entitled to a way of necessity over the lands of his grantor**." The three fundamental requirements for an easement by necessity to arise are the following:
>
> > 1) **The titles to the alleged dominant and servient properties must have been held by one person**.
> >
> > 2) This **unity of title must have been severed by a conveyance of one of the tracts**.
> >
> > 3) The easement must be necessary in order for the owner of the dominant tenement to use his land, with **the necessity existing both at the time of the severance of title and at the time of the exercise of the easement**.

*Id.* at 760 (citation omitted and emphasis added), cited with approval in

*Youst v. Keck's Food Service, Inc.*, 94 A.3d 1057, 1075 (Pa. Super. 2014).

In **Phillippi**, the parties owned "two distinct parcels of land that at one time were a single parcel owned by O'Brien Coal Company [("O'Brien")]." **Phillippi**, 748 A.2d at 759. On August 19, 1910, O'Brien conveyed one section of the property to the Connellsville and State Line Railroad Company. **Id.** On August 25, 1917, O'Brien conveyed a parcel of the remaining land to E.J. O'Brien. **Id.** The appellants eventually became the owners of the E.J. O'Brien parcel. **Id.** "Eventually [the] appellees became the owners of [the] parcel of land once owned by O'Brien. . . ." **Id.**

This Court in **Phillippi** found that the first two fundamental requirements for an easement by necessity were established. There was unity of title between the property of the appellants and appellee. The unity of title was severed when O'Brien conveyed the property now owned by the appellants to E.J. O'Brien. **Id.** at 760-61. The **Phillippi** Court then addressed the third requirement, specifically whether there existed an easement by necessity. **Id.** at 761. This Court found there was no easement by necessity:

> **From the time of the original severance to the present, the western portion of the land currently owned by appellants has been accessible from a public road.** Therefore, the situation caused by the original severance was not that of **strict necessity** in which property was conveyed in such a way that access to it from a public road could not be had except by passing over the remaining land of the grantor.

**Id.** (footnotes omitted and emphasis added).

We address issues one and two together because they are interrelated. In the case *sub judice*, the trial court originally found that Appellant was entitled to an easement by necessity. Subsequently, the court concluded that Appellant had not established an easement by necessity because the first fundamental requirement for an easement by necessity was not satisfied, **based upon the conveyance of one of the tracts**. *Id.* at 6. The court opined:

> [F]urther reflection brought about by [Appellees'] Post-Trial Motion and additional research caused us to change our mind. In this regard, the critical fact in our opinion that defeats [Appellant']s case is that at the time their property was carved out of the land warranted to Jesse Head, their grantor—Thomas Wilson—had already sold off the property now owned by [Appellees]. . . . Therefore, while it is true that there was unity of ownership of the properties in this case during the ownership of Thomas Wilson, that unity was destroyed when Mr. Wilson conveyed the seventy (70) acre parcel to Miles Brown.

Trial Ct. Op., 3/21/14, at 5. We find the court erred as a matter of law in vacating the November 1, 2013, order. *See Phillippi* 748 A.2d at 758.

In the instant case, the properties of Appellant and Appellees were owned by Thomas Wilson. Mr. Lockard testified that Thomas Wilson was the common grantor. N.T. at 12. At trial, Appellee's counsel conceded that the requirement that Appellant prove unity of title had been met. *Id.* at 14; *see Phillippi*, 748 A.2d at 761.

In ***Phillippi***, this Court found that unity of title was severed by the conveyance of one tract. *Id.* at 761. Similarly, in the instant case, unity of

title was severed by the conveyance of **one** tract. **See** N.T. at 12. Thus, the second requirement for an easement by necessity has been met. **See Phillippi**, 748 A.2d at 761.

In order to find that the third prong is established, we must determine whether an easement by necessity exists. "An easement by necessity may be created when after severance from adjoining property, a piece of land is **without access to a public highway**." **Bodman v. Bodman**, 321 A.2d 910, 912 (Pa. 1974); **accord Phillippi**, 748 A.2d at 761.

Instantly, at trial, Mr. Lockard, when asked if Appellant's property was landlocked, responded that Appellant's property had no access to a public road. N.T. at 18. Thus, the third requirement for an easement by necessity has been satisfied. **See Bodman**, 321 A.2d at 912; **Phillippi**, 748 A.2d at 761.

We find that the three pronged test enunciated in **Phillippi** has been satisfied. **See id.** at 760. We thus hold the trial court abused its discretion and erred as a matter of law in vacating its November 1, 2013 order granting Appellant an easement by necessity over the land owned by Appellees. **See id.** at 758. We reverse the January 31, 2014 order.

Order reversed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/24/2014</u>