Loudenslager *v.* Mosteller, Appellant.

116

Argued January 11, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

 

*William Landis Mosteller*, appellant, in propria persona, with him *Sidney A. Simon*, for appellant.

*Thomas C. Raup*, with him *Fisher, Rice & Raup*, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1973:

The appellee-plaintiffs and the appellant-defendant are owners of adjoining lands in a rural section of Lycoming County. This action in equity was instituted to enjoin the appellant from interfering with the appellees' use of a roadway extending from a public high-

way over land owned by the appellant to land owned by the appellees. After an evidentiary hearing the chancellor entered a decree nisi granting the injunction and ruled the appellees enjoyed an easement over the roadway by prescription. This ruling was premised upon a finding in his adjudication that the appellees and their predecessors in title had used the roadway openly, continuously, notoriously and adversely for more than twenty-one years. Subsequently, the court en banc dismissed exceptions to the decree nisi, affirmed the findings and conclusions of the chancellor and made the decree final. The appellant filed this appeal.

It is first argued the use of the roadway was initially permissive and any subsequent adverse use did not continue for twenty-one years, the period required to establish an easement by prescription. However, the chancellor found the roadway was used adversely for more than twenty-one years and since there is adequate evidence in the record to support this finding, it will not be disturbed on appeal. Cf. *Sterrett v. Sterrett*, 401 Pa. 583, 166 A. 2d 1 (1960). Moreover, as this Court stated many years ago in *Garrett v. Jackson*, 20 Pa. 331, 335-36 (1853): "[W]here one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party." See also *Pierce v. Cloud*, 42 Pa. 102 (1862); *Mather-Klock, Inc. v. Plymire*, 349 Pa. 194, 36 A. 2d 802 (1944); *Wampler v. Shenk*, 404 Pa.

395, 172 A. 2d 313 (1961); *Stiegelman v. Pennsylvania Yacht Club, Inc.,* 432 Pa. 111, 246 A. 2d 116 (1968).

Secondly, appellant asserts that originally the "right of way" was a footpath and that it was changed to a vehicular "right of way" only recently and, in any event, less than twenty-one years ago. Consequently, there can be no prescriptive right to use the roadway for vehicular traffic. But, the chancellor found the roadway had been used by vehicular traffic for a period in excess of twenty-one years and again the record is sufficient to warrant this finding.

Lastly, it is urged that since it was admitted by the appellees at trial that the route of the roadway was altered for a short distance during the prescriptive period, this precluded the establishment of an easement by the appellees over the roadway as it now exists.

Based on competent and sufficient evidence, the chancellor found that "the location of a part of the right-of-way was changed twice by *mutual consent* and without extended interruption of use." Having concluded mutual consent was present, we find no break in the running of the prescriptive period. See Annot., 80 ALR 2d 1098 (1961): "A prescriptive right of way is not invalidated because of deviations from the original route during the prescriptive period where it appears that such changes were made by agreement between the owner of the land and the person claiming the right of way, in apparent recognition of the latter's rights." See also *Zunino v. Gabriel,* 182 Cal. App. 2d 613, 6 Cal. Rptr. 514 (1960).

Decree affirmed. Costs on appellant.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice MANDERINO concurs in the result.