375 A.2d 83

**Beatrice R. ADSHEAD**

v.

**Johann and Magda SPRUNG, Appellants.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided June 29, 1977.

Joseph J. Carlin, Philadelphia, for appellants.

Haywood B. Huntley, Jr., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal, involving a familiar type of dispute between neighboring landowners, is taken from a final decree in equity holding that Beatrice R. Adshead, appellee, has acquired a prescriptive easement over a portion of land owned

by Johann and Madga Sprung, appellants, and permanently enjoining appellants from maintaining a fence that interferes with the easement. For the reasons that follow, we agree with the chancellor that plaintiff met her burden of proving the existence of prescriptive rights, and that appellants failed to show either permissiveness of the use or abandonment of the easement.

Appellee has resided at 7418 Lawndale Avenue in Philadelphia since October 13, 1949, when she and her husband took title to the property. As the result of a divorce, the property was conveyed to appellee as trustee for herself and her children on August 23, 1961.

Appellants reside at 7420 Lawndale Avenue, adjacent to appellee's property, and own the property by virtue of a deed dated June 11, 1962. Separate driveways on each of the properties run side by side for most of the length of the properties and lead to separate garages. These driveways were originally composed of concrete ribbons running between strips of grass, until appellants completely paved that portion of the driveway area on their property.[1]

From October, 1949, until June 19, 1975, appellee indiscriminately drove over the common driveway area to and from the garage at the rear of her property. On about June 19, 1975, appellants erected a chain link fence along the boundary line between the two properties. The fence effectively narrows the driveway area so as to completely impede appellee's access to her garage.

After a letter sent by appellee's attorney to appellants was unsuccessful in obtaining removal of the fence, appellee instituted this action in equity to enjoin obstruction of her alleged easement over the driveway area. The chancellor found that appellee had acquired a prescriptive easement in the common driveway area, and enjoined appellant's ob-

---

1. The second count of appellee's amended complaint in equity averred that the paving done by appellants caused continuous water damage to appellee's basement. The chancellor concluded that the repaving did not cause unreasonable or compensable damage to appellee's property. Since this issue was not raised on appeal, we will not consider it.

struction of the easement by the fence. Exceptions to the decree nisi were dismissed.

The narrow issue for our determination is whether the chancellor erred in finding that appellee had acquired a prescriptive easement in the driveway area. This finding, if supported by adequate evidence in the record, will not be disturbed on appeal. *Loudenslager v. Mosteller*, 453 Pa. 115, 307 A.2d 286 (1973).

An easement by prescription is created by adverse, open, continuous, notorious and uninterrupted use of the land for twenty-one years.[2] To acquire an easement by prescription, the evidence and proof thereof must be clear and positive. *P. & L. E. RR. Co. v. Stowe Township*, 374 Pa. 54, 59, 96 A.2d 892 (1953). Appellee's use of the driveway area was open and notorious in light of the fact that the driveway was located immediately adjacent to appellant's property. We are also persuaded that the use was open and notorious by Plaintiff's Exhibit 2, a photograph showing tire tracks leading from the paved area of appellant's property toward appellee's garage. Appellants do not apparently challenge these facts. They allege, however, that the use was not continuous and uninterrupted for twenty-one years. In support of this allegation, appellants point out that during periods of marital separation between appellee and her ex-husband,[3] appellee did not use the common drive because she was without a car. They therefore conclude that the continuity essential to satisfy the prescriptive period was lacking. There was direct testimony, however, that during these periods of separation, the driveway area was openly used by appellee's friends, parents, and former husband on the occasions when he came to visit the children. We agree with the chancellor that the requisite continuity was not lacking simply because appellee's use of the driveway area diminished during periods of separation between

2. Act of March 26, 1785, 2 Sm.L. 299, § 2, 12 P.S. § 72 (1953); *See Boyd v. Teeple*, 460 Pa. 91, 94 (1975).

3. Appellee testified that she and her husband were separated briefly in 1953, 1956 and finally from December, 1958 until May, 1960.

her and her husband. Appellee proved that she used the driveway when needed from 1949 until erection of the fence in 1975, and that her use was more than sporadic. We will not hold that day-to-day use was required to satisfy the continuity element essential to the creation of prescriptive rights.[4]

 Appellants also contend that adversity was lacking in the use of the common driveway area. Citing *Stevenson v. Williams*, 188 Pa.Super. 49, 145 A.2d 734 (1958), they allege that use of the land in question was based on mutual neighborly accommodation. In *Stevenson,* supra, plaintiffs and their predecessors in title used a twelve foot wide driveway between their land and defendants' for more than twenty-one years. When defendants began construction of a carport that would occupy half of the driveway area, plaintiffs sued for an injunction, alleging that they had acquired prescriptive rights in the land. The chancellor granted injunctive relief, but this Court reversed, agreeing with defendants that use of the driveway was not adverse or hostile, but permissive. Key testimony by plaintiff's predecessors in title indicated that they used the driveway with defendants' permission, and not contrary to defendants' wishes. Permission was further indicated in *Stevenson* by the fact that plaintiffs' immediate predecessor in title entered into an agreement with defendants to share the costs of blacktopping the driveway in proportion to that part of the driveway area owned by each party. There is no such evidence of permission in the present case. To the contrary, appellee testified that she never asked or received permission from appellants or their predecessors to use the driveway; her testimony was clear that she used the land in question as she pleased, without permission. The legal principle thus applicable to the present case is that

> "[W]here one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed.

4. *See Gregory v. Dolan*, 21 Chester Co.Rep. 228 (1973).

*Garrett v. Jackson*, 20 Pa. 331, 335 (1853); *Loudenslager v. Mosteller*, supra, [453 Pa.] at 117, 307 A.2d 286."

Finally, appellants attempted to prove permission by the fact that when they paved their portion of the driveway area in May, 1975, they told appellee she could not use the driveway that night, and she complied by parking along the street. This occurrence does not prove permission, but rather indicates that appellee pursued the prudent course of not driving her car on fresh cement. Additionally, the fact that appellants paved only that part of the driveway area on their own property indicates that the neighborliness and accommodation they rely on from *Stevenson*, supra, was not proved in the present case.

For the foregoing reasons, we conclude that the elements required for the creation of prescriptive rights in appellee have been proved by clear and positive evidence. We also conclude that appellants failed to prove license or permission to rebut the evidence of adversity. Having found no error by the chancellor, we therefore affirm the order of the court below.

Decree affirmed.