## Thompson v. Mancus

*C. H. Welles, IV,* for plaintiffs.
*Francis J. Wormuth,* for defendants.

WALSH, *J.* April 16, 1984—This matter was heard by the court without a jury.

Plaintiffs brought this action in equity seeking to establish that an easement exists on and over an exterior stairway owned by defendant but which provides access to the second floor of an adjacent building owned by plaintiffs.

A review of the facts before us indicates the following background leading up to the present action: The building currently owned by defendant was purchased by plaintiffs' grandfather around the turn of the century. Following this purchase, plaintiffs' grandfather built the building now owned by plaintiffs and then constructed the stairway in question to service the second floor of both buildings. In 1958, the common ownership of these two buildings ended. However, the stairway to these buildings continued to be used for over 21 years by plaintiffs, their predecessors in title, their invitees and tenants without any formal agreement or objection by the previous owners of defendants' building. When defendants purchased their building in 1983, the deed to this property was made subject to an easement agreement and addendum to said easement agreement between defendant's grantor and plaintiffs. Only the easement agreement which gave plaintiffs access on and over the aforementioned stairway, however, was ever recorded in the Office of Lackawanna County Recorder of Deeds. Its filing was made two days after the deed from defendant's grantor to the defendant was recorded.* Subsequently, on or about April 21, 1983, plaintiffs alleged that defendants denied plaintiffs, their invitees and tenants access to this stairway in that they blocked the stairway by placing a lock on the stairway door.

Plaintiffs first argue that they have established an easement by agreement. To support this they assert

---

*Plaintiff's testimony at trial revealed that the addendum to the easement agreement which would restrict the easement on and over the stairway to residential purposes was never agreed to and signed by plaintiffs and defendants' grantor and consequently never put into effect.

that defendants were clearly aware of the easement agreement signed and entered into by them and defendants' predecessor in title since the deed between defendants and their predecessor in title makes reference to it. Additionally, plaintiffs contend that even though the recording of the easement was later than filing of the deed, this deed did not bar an easement from running with the land when the grantee had actual notice. We agree.

Generally, actual notice must be by direct information from a person who has an interest in the estate or who may be affected by the purchase. Churcher v. Guernsey, 3 Pa. 84 (1861); Yankey v. Forney, 231 Pa. 372 (1911). In the present, case when the deed to defendants' property was transferred to defendants from their predecessors' in title, the language of that deed clearly indicated that the transfer was made subject to an easement agreement and addendum to that agreement concerning plaintiffs right of access on and over the stairway in question. We first find that this constituted actual notice to defendants of both the easement agreement and the addendum. However, since only the easement agreement was ever signed and entered into between plaintiffs and defendants' predecessor in title, we must conclude that only the easement agreement was binding on defendants. The fact that its recording came two days after the recording of the transfer of the deed from defendants' predecessor in title to defendants, we find, cannot bar this easement from running with the land since defendants were on actual notice of this agreement.

Additionally, with regard to the addendum to the easement agreement, we also note that although defendants may have a cause of action against their predecessors' in title for their failure to put this ad-

dendum into effect, they have no right to deny plaintiffs, their invitees or tenants the use of this stairway for both residential and commercial purposes. The only easement in effect is the easement agreement signed on December 13, 1982, and filed in the Lackawanna County Recorder of Deeds on February 3, 1983. This easement contains no language restricting the use of the stairway in question to just residential purpose.

Even assuming, arguendo, that plaintiffs do not have an easement by agreement, we find that they still have an easement by prescription.

An easement by prescription is acquired by an open, continuous, notorious and uninterrupted use of land for more than 21 years. Loundenslayer v. Mosteller, 453 Pa. 115, 307 A.2d 286 (1973).

Both parties have acknowledged that plaintiffs, their predecessors in title, their invitees and tenants have used this stairway at issue for over 21 years without any objection by defendants' predecessor in title. Additionally, testimony at trial indicated that the use of this stairway by the above mentioned parties was for both residential and commercial purposes during the period that the easement was acquired by prescription. Therefore, we find that plaintiffs, their invitees and tenants have an easement on and over this stairway and that this use can be for both residential and commercial purposes.

## ORDER

Now, this April 16, 1984, having found that an easement exists on and over defendants' stairway for use by plaintiffs, their invitees and tenants for access to the second floor of plaintiffs' building, and that this easement is for both residential and commercial purposes; it is hereby ordered that defen-

dants must remove any and all locks or other means of denying access to this stairway.

It is further ordered that the effectiveness of this order shall be contingent upon plaintiffs paying their equal share of all expenses already expended by defendant for the maintenance and repair of said stairway.

It is further ordered that both plaintiffs and defendants shall continue to share equally all expenses for the maintenance and repair of said stairway that may be incurred in the future.