J. A25042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J&D BROTHERS, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WALTER J. FINNEGAN, DIANE G. | : | |
| FINNEGAN, OSCAR J. CRIST, | : | |
| DOROTHY G. CRIST, WILLIAM SIMON, | : | |
| CAROLYN SIMON, STEVEN SCHNEIDER, | : | |
| CHERYL S. SCHNEIDER | : | |
| | : | No. 1014 EDA 2015 |

Appeal from the Order March 13, 2015
In the Court of Common Pleas of Lehigh County
Civil Division No(s).: 2013-C-0310

BEFORE: PANELLA, MUNDY, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 04, 2015**

Appellant, J&D Brothers, Inc., appeals from the order entered in the Lehigh County Court of Common Pleas providing, *inter alia*, that it, its agents and/or its lessees, have the right to unobstructed use of Beacon Road[1] for any purpose related to the communications tower on Appellant's property an unlimited number of times only on two days per month.  Appellant contends

---

* Former Justice specially assigned to the Superior Court.

[1] We note that Beacon Road is a private road traversing residential properties owned by Appellees.  Appellees Walter J. Finnegan, Diane G. Finnegan, Oscar J. Crist, and Dorothy Crist did not file briefs.

the trial court erred in limiting its unobstructed use of the prescriptive easement to two days per month. We reverse and remand.

We adopt the trial court's findings of fact.[2] Trial Ct. Op., 11/6/14, at 2-5. Appellant filed a declaratory judgment action to determine whether an easement existed with regard to Beacon Road. A non-jury trial was held on July 15, 2014. The trial court entered judgment on November 6, 2014, finding, *inter alia*, that Appellant possesses a prescriptive easement over Beacon Road as it transverses over Appellees' properties. Judgment, 11/6/14, at 1. The court found that Appellant "as owner of the dominant estate, has the right to unobstructed use of Beacon Road for any purpose related to the communications tower on [Appellant's] property or for recreational activity up to two times per month." *Id.* at 1-2 (unpaginated). Appellant filed post trial motions on November 17, 2014. Appellees filed post trial motions on December 12, 2014. The trial court entered a clarification order on March 13, 2015 which provided that Appellant had unobstructed and unlimited use of Beacon Road for the purposes of maintaining the road, for a reasonable amount of time for recreational use, and for two days per month for any purpose related to the communications tower. Clarification Order, 3/13/15. This timely appeal followed. Appellant

---

[2] We note that the majority of the facts pertinent to the instant appeal are not contested.

was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issue for our review:

> The trial court erred when it limited Appellants, its agents' and/or its lessees' unobstructed use of the subject easement to an unlimited number of times **two days per month** for any purpose related to the communications tower located on Appellant's property.

Appellant's Brief at 4.

Appellant argues the trial courts clarification order significantly changed the frequency of use of Beacon Road during the prescriptive period. During the prescriptive period there were no restrictions on the use of Beacon Road. Appellant avers that although the trial court found that the communications tower provides emergency cellular services, cellular and telephone services, its limitation on access to make repairs could have catastrophic consequences. Appellant contends "such limited access during another Hurricane such as that which occurred in 2012, would cripple [Appellant] and its lessee from performing mandated repairs or maintenance . . . ." *Id.* at 26. Appellant argues that it "has not requested an expansion of its easement, but has always demanded the status quo, to insure that anything necessary with the communications tower may be addressed when and as needed consistent with its prior use over a period more than 21 years." *Id.* at 31. Appellant claims that the limitations imposed on the

prescriptive easement may result in violations of the law with regard to the communications tower.

Our review is governed by the following principles:

Our scope of review is limited. We are bound by findings of fact which are supported by the record, but not the trial court's conclusions of law. We must have due regard for the trial court's superior vantage and its prerogatives to access credibility and to believe all, part, or none of the evidence presented. Finally, we may not reverse absent a clear abuse of discretion or an error of law.

*Waltimyer v. Smith*, 556 A.2d 912, 913 (Pa. Super. 1989).

An easement or right-of-way by prescription arises by adverse, open, continuous, notorious, and uninterrupted use of the land for twenty-one years. The scope of the use during the prescriptive period determines the scope of the easement or right-of-way obtained, except with respect to a reasonable evolution of the use which is not unduly burdensome.

*Id.* at 913-14 (citations omitted).

"A prescriptive easement, once acquired, may not be restricted unreasonably by the possessor of the land subject to the easement." *Soderberg v. Weisel*, 687 A.2d 839, 842 (Pa. Super. 1997) (citations omitted). Furthermore,

[w]e have recognized that "the degree of use of a prescriptive easement may increase in certain circumstances to accommodate the normal evolution of the dominant tenement where reasonable[.]" [(quoting *Hash* v. *Sofinowski*, 487 A.2d 32, 36 (Pa. Super. 1985).]. Nevertheless, "[t]he extent of an easement created by prescription is fixed by the use through which it was created." *Id.* at 34 (quoting Restatement of Property § 477 (1944)). Consequently, expansion of such use and

the extent to which it may be treated as "normal evolution," is necessarily limited. ***See id.*** at 34 ("[T]he scope of such an easement must necessarily be a function of the continued, adverse use by which it was generated and is thus limited to that of the prescriptive period."). As recognized by the Restatement, to determine whether a particular use is permissible under a prescriptive easement "a comparison must be made between such use and the use by which the easement was created with respect to (a) their physical character, (b) their purpose, (c) the relative burden caused by them upon the servient tenement." ***Id.*** at 35 (quoting Restatement of Property § 478).[3]

---

[3] Section 478 of the Restatement of Property provides:

In ascertaining whether a particular use is permissible under an easement created by prescription a comparison must be made between such use and the use by which the easement was created with respect to

(a) their physical character,

(b) their purpose,

(c) the relative burden caused by them upon the servient tenement.

Restatement (First) of Property § 478 (1944). The comment provides, in

pertinent part:

**d. Increase in burden.** The asserted use may so greatly increase the burden upon the servient tenement that on that ground a conclusion that the use is not permissible may be reached. A prescriptive interest presupposes an assertion of privilege by the person whose adverse use created it and a failure on the part of the owner of the servient tenement to interrupt the use. An increase in the burden on the servient tenement beyond that caused by the adverse use by which an easement was created is an undue increase if it is such an increase as, it may reasonably be assumed, would have provoked an interruption in the adverse use had the increase occurred

***McGavitt v. Guttman Realty Co.***, 909 A.2d 1, 4-5 (Pa. Super. 2006).[4]

Instantly, the trial court opined: "The testimony during this trial established that [Appellant], and its lessee, have been using Beacon Road in excess of twenty-one years in order to access [Appellant's] property, and, specifically, the communications tower located on that property **for maintenance and repair of the tower**. The degree to which Beacon Road has been used by [Appellant] and AT&T **for that purpose** is two times per month." Trial Ct. Op. at 12. The trial court concluded that [Appellant] is entitled to unobstructed access over . . . Beacon Road for the purposes of **attending the matters related to the communications tower** . . . two times per month." ***Id.*** We find limited relief is due.

---

during the prescriptive period. **It is an increase such that its tolerance is not implicit in the tolerance of the adverse use by which the easement was created.**

Restatement (First) of Property § 478 cmt. d (1944) (emphasis added).

[4] The ***McGavitt*** Court did not find the proposed use to which the appellant would put the easement to be a normal evolution of the use established during the prescriptive period. ***Id.*** at 5. The easement was used during the prescriptive period was "limited to ingress and egress by a single family and use consistent with the family's occupancy of their own land." ***Id.*** This Court held: "The burden imposed upon the access road by motor vehicles going to and from a single family residence is not comparable in any material sense to that of heavy trucks making dozens of deliveries every day, loading coal or other cargo onto waiting barges." ***Id.*** Unlike ***McGavitt***, in the instant case, during the prescriptive period, the property was always used for commercial purposes. AT&T was not limited in its access to Appellant's property via Beacon Road during the prescriptive period.

In the case at bar, Judy Daddona testified at trial regarding the use made of Beacon Road during the prescriptive period. Following zoning approval, at the end of 1990, construction of the tower was completed in November of 1991. N.T., 7/15/14, at 29. Appellant's tenant was a subsidiary of AT&T, suppliers of telephone service, cellular service and emergency services. *Id.* at 29-30. As the owner of the property, she stated she had occasion where she needed to access the property. *Id.* at 30. She never had any problems or difficulties from anyone getting ingress or egress to the property. *Id.* She was never blocked or stopped from gaining access to the property. *Id.* at 31. Since January of 1992, AT&T had been able to use Beacon Road for ingress and egress to access the communications tower. *Id.* at 31. Last year, Appellee, Mr. Simon, approached an agent of AT&T and told him to leave the property. *Id.* at 33.

Agents of AT&T were required to use Beacon Road to access the property after a change in the law 2009. Following Hurricane Sandy, "they had to upgrade towers to meet new standards for wind shear." *Id.* at 34. Ms. Daddona testified that AT&T's lease provided for "ingress and egress seven days a week on a 24-hour basis by foot or motor vehicle, including trucks." *Id.* at 71-72.

On cross-examination, she testified that

> generally a vehicle goes in only twice a month. But then you are aware that we just had that whole modification that required AT&T to go in more than twice a month; and then we had emergency—Hurricane Sandy that required

> emergency work to be done. But, generally, yes, they may go up there only twice a month.

*Id.* at 92.

The notes of testimony from the hearing on the emergency motion for preliminary and/or special injunction were submitted as an exhibit at trial. *Id.* at 176-77. Ms. Daddona testified at the hearing on the emergency motion that the communications tower is used for "cell service, for emergency communications, 911 and for—I believe they have their back-up long distance AT&T land line back upon the tower as well." N.T., 6/21/13, at 10. AT&T is responsible "for maintaining, inspecting and keeping the tower in compliance with all laws[.]" *Id.* Beacon Road is the only access to the tower. *Id.*

The trial court found that Appellant leased the communications tower to AT&T since December of 1991 and that Beacon Road was the only access road to the property. We find the trial court abused its discretion in entering an order which restricted the use of the prescriptive easement to two days per month in light of its finding that Appellant leased the communications tower to AT&T for telephone, cellular and emergency communications services. *See Smith*, 556 A.2d at 913-14. The prescriptive easement had been used for modification of the communications tower, following Hurricane Sandy, and for emergency repairs. *See id.*; *accord McGavitt*, 909 A.2d at 4-5. AT&T had not been limited in its access to the property via Beacon Road during the prescriptive period. *See id.*; *accord McGavitt*, 909 A.2d at

4-5. Denying access to the prescriptive easement for emergency repairs and to effect changes to comply with the law would be unreasonable. **See Weisel**, 687 A.2d at 842. We reverse and remand for the entry of an order consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Mundy joins the memorandum.

Judge Panella notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

J&D BROTHERS, INC.,                         :
     Plaintiff                              :
                                            :
               v.                  :        Case No. 2013-C-310
                                            :
OSCAR J. CRIST, DOROTHY G. CRIST,           :
WILLIAM SIMON, CAROLYN SIMON,               :
STEVEN SCHNEIDER, and                       :
CHERYL S. SCHNEIDER,                        :
     Defendants                             :

************************************************************

APPEARANCES:

          Gladys E. Wiles, Esquire
            For Plaintiff

          Christopher W. Gittinger, Esquire
            For Defendants

************************************************************


## O P I N I O N

**CAROL K. McGINLEY, P.J.**

On July 15, 2014, a non-jury trial was held on the within matter. After testimony of the

parties and argument of counsel, we make the following findings of fact and conclusions of law:

Circulated 10/08/2015 03:41 PM

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

FINDINGS OF FACT[1]

1. The Plaintiff, J&D Brothers, Inc. (J&D), is a Pennsylvania corporation with its principal place of business located at 7785 Spring Creek Road, Macungie, Lehigh County, Pennsylvania 18062, and is the true and lawful owner of real property known as 2911 Beacon Road, Allentown, Lehigh County, Pennsylvania with Pin Number 640566079926-1.

2. The Defendants, William Simon and Carolyn Simon, are a husband and wife residing at 2950 Beacon Road, Allentown, Lehigh County, Pennsylvania.

3. The Defendants, Steven Schneider and Cheryl S. Schneider, are a husband and wife residing at 2941 Beacon Road, Allentown, Lehigh County, Pennsylvania.

4. The Defendants, Oscar J. Crist and Dorothy G. Crist, are a husband and wife residing at 3021 Beacon Road, Allentown, Lehigh County, Pennsylvania.

5. At all times material hereto, the Plaintiff is the owner of the property known as 2911 Beacon Road, Allentown, Salisbury Township, Lehigh County, Pennsylvania, having acquired said property by Deed dated January 10, 1990, recorded at the office of the Recorder of Deeds of Lehigh County at Deed Book Volume 1447, Page 1088. The subject property contains approximately 19 acres of land, upon which there is located a communications tower with space leased by AT&T.

6. At all times material hereto, the Defendants, William Simon and Carolyn Simon, are the owners of property located at 2950 Beacon Road, Allentown, Salisbury Township, Lehigh County, Pennsylvania with Pin Number 640566643832-1, Document ID

---

[1] Findings of Fact 1-11 have been agreed to by the parties.

2

FILED 11/6/2014 9:46:08 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2013-C-0310     s/S D

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider;* Case No.: 2013-C-0310

7334657, and acquired the subject real property by Deed dated March 17, 2006, recorded in the Recorder of Deeds for Lehigh County.

7. At all times material hereto, the Defendants, Steven Schneider and Cheryl S. Schneider, are the owners of property located at 2941 Beacon Road, Allentown, Salisbury Township, Lehigh County, Pennsylvania with Pin Number 640566433369-1, Deed Book Volume 1428, Page 0306, by Deed dated December 9, 1988.

8. At all times material hereto, the Defendants, Oscar J. Crist and Dorothy G. Crist, are the owners of property located at 3021 Beacon Road, Allentown, Salisbury Township, Lehigh County, Pennsylvania with Pin Number 640576121462-1, Deed Book Volume 1135, Page 842, by Deed dated May 19, 1970.

9. The respective Plaintiff and Defendants, as aforesaid, own tracts of land or real property located in Salisbury Township, Lehigh County, Pennsylvania, having frontage on Beacon Road and identified above, and all have been using Beacon Road during their respective ownership as well as their predecessors-in-interest.

10. The Plaintiff and Defendants, their tenants, and their predecessors-in-interest have been using Beacon Road for access to their respective properties for over twenty-one years.

11. Pursuant to the recorded Deed, the Steve Buss ("Buss Deed") property is under and subject to "an easement of a private macadam lane, approximately 10 feet in width located on the eastern side of property now or late of Miriam Reed, approximately 50 feet from the eastern boundary line, providing access to West Rock Road, for the benefit of the property owners to the north."

3

FILED 11/6/2014 9:46:08 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2013-C-0310     s/S D

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider;* Case No.: 2013-C-0310

12. In 1990, Plaintiff presented an application requesting a special exception to erect two commercial communication towers and an accessory utility building on the premises containing 19.6 acres, the subject property owned by the Plaintiff as aforesaid.

13. By opinion dated October 2, 1990, the Zoning Hearing Board of Salisbury Township granted approval to the Plaintiff for the erection of one tower on the subject property.

14. The communication tower was built on the J&D property and was completed sometime around November of 1991.

15. J&D leased the communications tower to AT&T beginning in December of 1991 for telephone, cellular and emergency communications services.

16. The J&D property is used occasionally for recreational purposes.

17. J&D and its lessee have used Beacon Road for ingress and egress since December of 1991 until the filing of the declaratory judgment action without incident.

18. Beacon Road is the only access road to the J&D property and is the only road that has been used to access the J&D property since 1990.

19. Beacon Road is a private road which has not been dedicated to public use.

20. Beacon Road varies in width from approximately ten feet to twelve feet wide and includes sections of stone and sections of macadam.

21. Beacon Road is 13 feet, 6 inches from the bedroom wall of Mr. and Mrs. Simon's home.

22. Beacon Road traverses land with homes, driveways, maintained lawns, shrubs, brush and mature trees.

23. Beacon Road runs through the J&D property and ends on property owned by the City of Allentown. There is no access from the J&D property to any other public road, and specifically Erney Street in Allentown.

4

. FILED 11/6/2014 9:46:08 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2013-C-0310     s/S D

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

24. The logging road that connected Beacon Road to Erney Street has been fenced off to stop any vehicles from traveling that route since 1991.

25. AT&T, or its subsidiaries, travel on Beacon Road to access the communications tower approximately twice a month.

26. In 2013, there was a two-month period when AT&T travelled on Beacon Road at least three times more often than usual to comply with federal regulations regarding the maintenance and repair of communications towers following Hurricane Sandy.

27. During that time, multiple vehicles traveled on Beacon Road to the communications tower every day.

28. The normal pattern of use of approximately twice a month resumed after the two-month period.

29. J&D's owners and family members periodically use Beacon Road to access the J&D property for recreational purposes.

## CONCLUSIONS OF LAW

1. J&D has had adverse, open, notorious, continuous and uninterrupted use of Beacon Road over the Crist property, Simon property and Schneider property for a period of over twenty-one years.

2. J&D was never expressly permitted to use Beacon Road.

3. The land at issue is not characterized as unenclosed woodlands.

4. J&D holds a prescriptive easement on Beacon Road over the Crist property, Simon property and Schneider property.

5

FILED 11/6/2014 9:46:08 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2013-C-0310    /s/S D

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; **Case No.: 2013-C-0310**

5. The scope of the prescriptive easement is for commercial use related to the communications tower on the J&D property and for recreational purposes.

6. The reasonable extent of J&D's prescriptive easement is for travel over Beacon Road for purposes related to the communications tower and recreational activities six times per month.

7. J&D does not hold an easement by implication.

8. J&D is not entitled to an injunction enjoining Defendants from interfering with J&D or its tenant's use of Beacon Road at this time.

9. Defendants are not entitled to attorney's fees.


## DISCUSSION

J&D filed a declaratory judgment action requesting a declaration that:

1. J&D possesses an easement by implication over the entire length of Beacon Road;

2. J&D possesses a prescriptive easement over the entire length of Beacon Road;

3. J&D, as the owner of the dominant estate, has the right to unfettered and unobstructed use of Beacon Road;

4. Defendants are enjoined from interfering with J&D's tenant and/or buyer of the subject communications tower, or obstructing, or the like, or impeding and/or interfering in any fashion upon J&D's unfettered and unobstructed use of Beacon Road.

Oscar and Dorothy Crist, William and Carolyn Simon, and Steven and Cheryl Schneider (Defendants) contend that J&D does not possess an easement over Beacon Road because: a prescriptive easement does not exist when use of land is based on owner's permission; a person cannot gain an easement over property he owns; easements over unenclosed woodlands are

6

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

statutorily prohibited; and J&D blocked the other means of access to its property and is therefore not entitled to an easement over Beacon Road. In the alternative, Defendants argue that if an easement does exist, the extent of such easement cannot be extended and J&D is limited to using Beacon Road twice a month.

The elements that must be established to prove an easement by prescription are well settled in the law. A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years. *Walley v. Iraca*, 360 Pa. Super. 436, 441, 520 A.2d 886, 889 (1987). The party asserting a prescriptive easement must demonstrate each element of such an easement by proof that is clear and positive. *Burkett v. Smyder*, 369 Pa.Super. 519, 522, 535 A.2d 671, 673 (1988).

Beacon Road begins at West Rock Road and runs through several properties including the Buss property, the Finnegan property, the Crist property, the Simon property and the Schneider property, before reaching the J&D property. Beacon Road travels through the J&D property and ends in property owned by the City of Allentown. J&D was deeded 19 acres on Beacon Road on January 10, 1990. Since that time, J&D has exclusively used Beacon Road to access its property. J&D's use of Beacon Road has been continuous and uninterrupted for a period in excess of twenty-one years. In addition, J&D or its lessee drives vehicles on Beacon Road, constituting an open and notorious use of Beacon Road. In fact, the use is so open and notorious, Mr. Crist testified regarding his ability to count the number of J&D and AT&T-related vehicles traveling on Beacon Road to the J&D property.

The remaining element needed to establish the existence of a prescriptive easement is whether J&D's use of Beacon Road is adverse. Defendants contend that J&D's use of Beacon Road is not adverse to the Defendants because the Defendants granted J&D permission to use it.

7

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

Proof of an open, notorious, continuous and uninterrupted use for the prescriptive period, without evidence to explain how it began, raises a presumption that it is adverse and under claim of right. Once this presumption is raised, the burden shifts to the owner of the servient tenement to show by affirmative proof that the use was by virtue of some license, indulgence, permission or agreement inconsistent with a claim of right by the other party. See: *Walley v. Iraca, supra.* Thus, in *Loudenslager v. Mosteller,* [453 Pa. 115, 307 A.2d 286 (1973)], the Supreme Court said:

> "[W]here one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party."

Although it is clear that permissive use will not support an easement by prescription, it is equally clear that "[a]bsence of objection by the owner to use of the land is not equivalent to a grant of permission by him such as will preclude the acquisition of title to an easement by prescriptive use." 12A P.L.E. Easements § 23 (1985). The owner of the servient tenement will not be permitted to sit back and silently watch as an open use continues and then, at the end of the prescriptive period, assert that it was permissive because he did not object. See: *Orth v. Werkheiser,* 305 Pa. Super. 576, 451 A.2d 1026 (1982).

*Kaufer v. Beccaris,* 401 Pa. Super. 1, 5-6, 584 A.2d 357, 359 (1991), citations omitted.

J&D has established an open, notorious, continuous and uninterrupted use for the prescriptive period without evidence of how the use began. Accordingly, J&D is entitled to a presumption that the use is adverse and under a claim of right. As a result, the burden shifts to Defendants to establish that J&D had the property owner's permission to use Beacon Road.

Defendants did not provide any evidence to support the contention that J&D's use of Beacon Road was pursuant to express permission, license or special contract. In fact, Oscar Crist testified that none of the property owners, including J&D, ever asked him permission to use the

8

Circulated 10/08/2015 03:41 PM

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

portion of Beacon Road that travels over his property. Defendants did not object in any manner to J&D's use of Beacon Road prior to the filing of this action and their failure to object is not equivalent to permission. Defendants did not meet their burden in establishing that J&D had the express permission of each homeowner to use their portion of Beacon Road; therefore, J&D's use of Beacon Road was adverse to the homeowners' interests.

Defendants also argue that J&D did not establish that it used Beacon Road adversely for twenty-one years because J&D previously owned the Finnegan property and J&D's use of Beacon Road while it owned the abutting property was not adverse. As has been stated by our Supreme Court, "[o]ne does not gain a prescriptive right by adverse user during the period when he himself is the owner of the property." *Tosh v. Witts*, 381 Pa. 255, 113 A.2d 226 (1955).

Although the Finnegans were initially named defendants in this action, they were removed as defendants by praecipe.[2] J&D's declaratory judgment action as it relates to the Finnegan portion of Beacon Road is no longer before this court, and, therefore, the issue of J&D's prior ownership of that section of road is not before this court for determination. We do not know what, if any, arrangements have been worked out regarding J&D's right to travel over Beacon Road as it transverses the Finnegan property, but do not find that such information precludes our finding of an easement over the remaining lands.

Defendants' arguments that J&D was not using Beacon Road adversely because of either landowner permission or ownership of the land are flawed. J&D's use of Beacon Road has been adverse to the property owners at issue for a period over twenty-one years and J&D has established all of the necessary elements required for a prescriptive easement. However,

---

[2] Praecipe and Power of Attorney For Satisfaction and/or Termination of Lawsuit Against Defendants, Walter J. Finnegan, Diane G. Finnegan, Jung Six Lee, Sung Ja Lee and Suk Won Lee Only filed with the Clerk of Judicial Records – Civil Division on July 8, 2014.

9

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

Defendants raised additional issues that must be examined before declaring that J&D holds a prescriptive easement.

The Defendants contend that no prescriptive easement exists over Beacon Road because such easement is precluded by statute. Pursuant to statute:

> §411. None through uninclosed woodland
>
> No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure.

68 P.S. § 411.

"It is the character of the land itself which is determinative of the application of the Act of 1850." *Sprankle v. Burns*, 450 Pa. Super. 319, 675 A.2d 1287 (1996), citing *Humberston v. Humbert*, 267 Pa. Super. 518, 521, 407 A.2d 31, 32 (1979), *Matakitis v. Woodmansee*, 446 Pa. Super. 433, 667 A.2d 228 (1995).

There was conflicting testimony in this matter regarding the character of the land and specifically whether Beacon Road was surrounded by woods on both sides. Judy Daddona, a principal of J&D, testified that Beacon Road is not surrounded by woods; she testified the only place where there are woods on Beacon Road is on the J&D property at the top of the hill. Otherwise, there is a home on either side of Beacon Road for all but a small portion between the Crist driveway and the Simon parking space which has trees on both sides. In contrast, Mr. Simon and Mr. Crist testified that Beacon Road is surrounded by woods on both sides.

In addition to testimony, Plaintiff provided photographs of Beacon Road and the surrounding properties. The pictures depict a macadam road surrounded by homes, garages, parking areas, maintained lawns, shrubs and brush, and mature trees. The pictures do not reflect

10

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

an area that would be characterized as woodlands. The pictures corroborate Mrs. Daddona's testimony. We find Mrs. Daddona's description of the character of the area surrounding Beacon Road more credible than that of Mr. Simon and Mr. Crist. The pictures and testimony of Mrs. Daddona convince us that Beacon Road does not travel through woodlands, and, therefore, the statute excluding a prescriptive easement does not apply.

Finally, Defendants argue that J&D is not entitled to an easement over Beacon Road because J&D blocked the other means of access to its property. We find Defendants' argument without merit. First, the case cited by Defendants in support of their position relates to an easement by necessity, not a prescriptive easement as asserted by Plaintiff. Second, the evidence at trial established that Beacon Road was the only access road J&D used during its ownership of the property. Defendants attempted to establish that Beacon Road continued across the J&D property and continued through other private land to access Erney Street as another means of ingress and egress; however, Mrs. Daddona testified that J&D did not have authorized access over the logging road that crossed the private properties between the J&D property and Erney Street. In 1991, J&D fenced off the logging road to prohibit any travel on that logging road and over private lands belonging to others. Since that road was not an authorized source of ingress and egress, the blocking of that road does not impact J&D's right to a prescriptive easement.

Having found that none of Defendants' arguments refute the existence of a prescriptive easement, we find that J&D holds a prescriptive easement over Beacon Road as it crosses the Crist, Simon and Schneider properties.

We now address Defendants' alternative argument regarding the extent of the easement. The scope of a prescriptive easement "must necessarily be a function of the continued, adverse use by which it was generated and is thus limited to that of the prescriptive period." *Hash v.*

11

*Sofinowski*, 337 Pa. Super. 451, 487 A.2d 32 (1985). The Superior Court has recognized that "the degree of use of a prescriptive easement may increase in certain circumstances to accommodate the normal evolution of the dominant tenement where reasonable... Nevertheless, the extent of an easement created by prescription is fixed by the use through which it was created." *McGavitt v. Guttman Realty Co.*, 909 A.2d 1 (Pa. Super. 2006) quoting *Hash*, supra.

The testimony during this trial established that J&D, and its lessee, have been using Beacon Road in excess of twenty-one years in order to access the J&D property and, specifically, the communications tower located on that property for maintenance and repair of the tower. The degree to which Beacon Road has been used by J&D and AT&T for that purpose is two times per month. In addition, J&D owners and family members have used Beacon Road periodically to access the J&D property for recreational purposes.

Given the scope and degree to which J&D has used Beacon Road during the prescriptive period, J&D is not entitled to an unfettered and unobstructed use of Beacon Road as requested. J&D is entitled to the same scope and degree of use it has used over Beacon Road for the past twenty-one years. As such, J&D possesses a prescriptive easement over Beacon Road as it transverses over the properties owned by Mr. and Mrs. Crist, Mr. and Mrs. Simon and Mr. and Mrs. Schneider. J&D is entitled to unobstructed access over said sections of Beacon Road for the purposes of attending to matters related to the communications tower and surrounding land or for recreational activities two times per month.

We have also reviewed J&D's request for a declaration of an easement by implication. J&D requests an easement by implication because Beacon Road has been open for decades for individuals owning property adjacent to Beacon Road, because J&D expended money at one time to maintain Beacon Road and because a Road Maintenance Agreement was entered in 1998

12

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider;* Case No.: 2013-C-0310

in which the then owners of property adjacent to Beacon Road agreed to share responsibility for the care and maintenance of Beacon Road.

Our Superior Court has clearly set forth two tests that are used to determine if an easement by implication exists.

> An easement by implication can be found to exist where the intent of the parties is demonstrated by the terms of the grant, the property's surroundings and any other res gestae of the transaction." *Sentz v. Crabbs,* 428 Pa.Super. 205, 630 A.2d 894, 895-896 (1993) (citation omitted). Two different tests have been utilized in this Commonwealth to determine whether an easement has been created by implication: the traditional test and the Restatement of Property test. *Possessky,* 655 A.2d at 1008. The Pennsylvania Supreme Court defined the traditional test as follows:
>
>> It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is notwithstanding that the easement is not essential for the beneficial use of the property.... The circumstances which will give rise to an impliedly reserved easement have been concisely put by Chief Justice Horace Stern speaking for the Court in *Tosh v. Witts* [381 Pa. 255, 113 A.2d 226 (1955) ]:
>>
>>> "[W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be, and this irrespective of whether or not the easement constituted a necessary right of way." [ *Tosh,* 113 A.2d at 228] (citations omitted).
>
> *Bucciarelli v. DeLisa,* 547 Pa. 431, 437-438, 691 A.2d 446, 448-449 (1997) (citations omitted). Our Supreme Court further stated:
>
>> Easements by implied reservation ... are based on the theory that continuous use of a permanent right-of-way gives rise to the implication that the parties intended that such use would continue, notwithstanding the absence of necessity for the use.
>
> *Id.,* 691 A.2d at 449 (citation omitted).
>
> The Restatement of Property test "emphasizes a balancing approach, designed to ascertain the actual or implied intention of the parties." *Possessky,* 655 A.2d at

13

*J&D Brothers, Inc, v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

1008. "No single factor under the Restatement approach is dispositive." *Id.* Section 476 of the Restatement of Property designates the following factors as important in determining whether an easement by implication exists:

(a) whether the claimant is the conveyor or the conveyee,

(b) the terms of the conveyance,

(c) the consideration given for it,

(d) whether the claim is made against a simultaneous conveyance,

(e) the extent of necessity of the easement to the claimant,

(f) whether reciprocal benefits result to the conveyor and the conveyee,

(g) the manner on which the land was used prior to its conveyance, and

(h) the extent to which the manner of prior use was or might have been known to the parties.

*Id.* (citing *Mann-Hoff v. Boyer*, 413 Pa.Super. 1, 604 A.2d 703, 706-707 (1992)). In addition, this court has noted that "[t]he extent to which an easement is necessary under the circumstances is a factor heavily weighed in determining whether an easement should be implied." *Id.* (quoting *Tomlinson v. Jones*, 384 Pa.Super. 176, 557 A.2d 1103, 1104 (1989)).

An easement by implication could have arisen only at the time at which ownership of the two parcels in question first became separated. *Possessky*, 655 A.2d at 1009. Thus, the primary focus under either of the two tests is on the time of the original severance of the property....

*Phillippi v. Knotter*, 748 A.2d 757, 761-762 (Pa.Super. 2000).

J&D did not provide any evidence regarding the original severance of its property from the other land located on Beacon Road, and, it is, therefore, impossible for us to determine or infer any possible easement by implication under either of the tests discussed above.[3] Further, the

---

[3] We note that J&D did not cite any case law to support its contention that it is entitled to an easement by implication or discuss either of the two tests necessary for such a finding to be made. *See* Plaintiff, J&D Brothers, Inc.'s, Memorandum of Law filed with the Clerk of Judicial Records – Civil Division on August 5, 2014.

14

*J&D Brothers, Inc. v. Oscar J. Crist, Dorothy G. Crist, William Simon, Carolyn Simon, Steven Schneider and Cheryl S. Schneider*; Case No.: 2013-C-0310

facts relied on by J&D are not sufficient to persuade us that J&D is entitled to an easement by implication over Beacon Road.

J&D also requested a declaration enjoining Defendants from interfering with J&D's tenant and/or buyer of the communications tower, or obstructing, impeding and/or interfering upon J&D's unfettered and unobstructed use of Beacon Road. No injunction will be ordered at this time. Now that the respective rights have been delineated, the parties will be given the opportunity to comply.

Further, we deny Defendants' request for attorney's fees. Defendants failed to provide sufficient evidence to demonstrate that this declaratory judgment action falls within one of the limited circumstances that would justify providing supplemental relief in the interest of justice. *See* 42 Pa. C.S.A. §§ 7538, 6541. Nor did Defendants provide evidence to support its claim that they are entitled to attorney's fees as a result of Plaintiff's stubbornly litigious, unreasonable or bad faith conduct. *See* 42 Pa. C.S.A. § 2503; *Regis Insurance Co. v. Wood*, 2004 Pa. Super. 209, 852 A.2d 347, 350 (2004). Therefore, Defendants are not entitled to attorney's fees.

After examining all of the issues, J&D is entitled to a prescriptive easement over Beacon Road as it traverses over the Crist, Simon and Schneider properties for any purpose related to the communications tower or for recreational activities two times per month.

DATE: *November 6, 2014*

BY THE COURT:

CAROL K. McGINLEY, P.J.

15

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

## Document Distribution List

File No.: 2013-C-0310                                                    11/6/2014

| Christopher W Gittinger, Esq | Gross McGinley LLP<br>33 South Seventh Street<br>PO Box 4060<br>Allentown PA 18105-4060 |
|---|---|
| Gladys E Wiles, Esq | Snyder & Wiles PC<br>7731 Main Street<br>Fogelsville PA 18051 |

### 236 NOTICE

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in

the above captioned matter has been entered.

Andrea E. Naugle
Clerk of Judicial Records

CVJ5b